# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 96-10391
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELI TREVINO MUNGIA; ROY RAY MARTIN,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(5;95-CR-17-C)

April 7, 1997

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendants Eli Mungia and Roy Martin appeal their convictions under the federal hate crimes statute, 18 U.S.C. § 245(b)(2)(B), for shooting three African-American men. Finding no error, we affirm.

Mungia asserts that his victims were not involved in a federally protected activity at the time they were shot, and that the district court accordingly did not have federal jurisdiction to hear his case. Mungia was prosecuted under a federal statute that

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

does not require any showing of a "federally protected activity." The district court had jurisdiction to try the defendants under the federal criminal statute under 18 U.S.C. § 3231.

Each defendant raises a separate sufficiency of the evidence challenge. After reviewing the evidence, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that the defendants' crimes were motivated by race and that the streets and sidewalks on which the victims were shot qualify as a "facility . . . provided or administered by any State or subdivision thereof." 18 U.S.C. § 245(b)(2)(B); *See also Kinney v. Yerusalim*, 9 F.3d 1067, 1073 (3d Cir. 1993) (street is a "facility" under section 245(b)), *cert. denied*, 511 U.S. 1033, 114 S. Ct. 1545, 128 L. Ed. 2d 196 (1994); *United States v. Three Juveniles*, 886 F. Supp. 934, 944 (D. Mass. 1995) (streets and sidewalks are "facilities" under the statute).

Martin challenges the district court's jury instruction regarding whether the streets and sidewalks of Lubbock qualify as facilities administered by the city. He asserts that, under *United States v. Gaudin*, ___ U.S. ___, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995), the court must leave this mixed question of law and fact for the jury to determine. The court allowed the jury to find the relevant facts, and there is no evidence that the court's instruction removed any element of the crime from the jury's consideration. We hold that the district court's instruction in this case was consistent with *Gaudin* and the Sixth Amendment of the

U.S. Constitution.

AFFIRMED.